## Richmond.

CHEWNING & SANDS v. WILKINSON.

MARCH 17, 1898.

Absent, Cardwell and Buchanan, JJ.

1. PLEADING—*Covenant*—" *Conditions Performed* "—" *Covenants not Broken*"—*Performance Excused.*—The plea of "covenants not broken" is not a proper plea in an action on an affirmative covenant. In such an action the proper plea is "conditions performed" or "covenants performed"; and the latter plea can only be supported by evidence showing that the defendant has performed his covenant, and not by evidence which shows that performance was excused by the act of the plaintiff, or anyone else. If such excuse is relied on it must be specially pleaded.

Error to a judgment of the Circuit Court of King William county, rendered April 9, 1896, in an action of covenant wherein the plaintiffs in error were the plaintiffs, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*H. R. Pollard*, for the plaintiffs in error.

*H. I. Lewis*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of covenant was brought upon the following paper: "Whereas, H. R. Pollard, substituted trustee for P. H. Adams, with the consent of A. J. Chewning and C. R. Sands has paid me the sum of eight hundred dollars ($800), which sum

has been applied as a credit on my claim against P. H. Adams. (I holding a second lien on the property sold by Chewning & Sands June 13th, 1891) and which amount was applied towards the payment of several past due notes held by the Planters National Bank, Richmond, Virginia, and together with the past due interest and fees amounting to the sum of ($5,062.81) this amount of eight hundred dollars was deducted and allowed me with the consent of the above named first lien-holders, and at the suggestion of P. H. Adams, when it should have been applied towards the payment of the debt of the first lien-holders, who were A. J. Chewning and C. R. Sands.

"Now, therefore, I hereby bind myself, my heirs and assigns, to pay or make good any balance not exceeding the sum of eight hundred dollars ($800) that may be due the said Chewning & Sands as the first lien creditors of P. H. Adams, as aforesaid, after the exhaustion of all the securities and the sale of all the property of P. H. Adams, which the said Chewning & Sands may have as security for the payment of said debt. I hereby waive the benefit of my homestead exemption as to this obligation.    Witness my hand and seal this first day of July, 1891.

"E. WILKINSON, (Seal.)"


The declaration avers that a balance of $1,286.06 is due the plaintiffs, as the first lien creditors of P. H. Adams, after the exhaustion of all the securities, and the sale of all the property of P. H. Adams which they have as security for the payment of their debt.

The defendant relied upon the pleas of "conditions performed," and "covenants not broken." The whole of the evidence of the defendant was directed to showing that before the paper sued on was executed, the plaintiffs had received from the sale of the Adams property $1,000, which had not been credited upon their prior lien, but had been improperly applied to another debt; that if the $1,000 had been credited, as it should have

been, upon the debt of the plaintiffs secured in the deed of trust, the defendant would owe nothing upon the undertaking sued on.

No jury was demanded, and all questions of law and fact were submitted to the court, upon consideration whereof, the court held that the defendant was entitled to the credit claimed, ascertained that the true amount due the plaintiffs was $92.54, and gave judgment accordingly. Thereupon the plaintiffs moved the court to set aside its judgment, and instead thereof to enter judgment in their favor for $800 and interest, upon the ground that, under the pleadings in the case, the defendant could not show that he was entitled to the credit allowed by the court, and that the evidence did not show that the defendant was entitled to any such credit.

This motion was overruled, a bill of exceptions taken, and the case brought to this court.

The covenant sued on is affirmative, and therefore the plea of "conditions performed" was proper; there being no negative covenant in the obligation, the plea of "covenants not broken" was badly pleaded. The plea of "covenants performed" can only be supported by evidence which shows that the defendant has performed his covenant, and not by evidence showing that his own performance was excused by the act of the plaintiff or any other. 1 Barton's Law Practice, sec. 125; *Fairfax* v. *Lewis,* 2 Rand. 20; *Scraggs* v. *Hill,* 37 W. Va. 706.

The evidence does not sustain the plea of "covenants performed." The defendant should have filed a special plea setting forth the fact relied on, that the plaintiffs had failed to credit their debt with $1,000 properly applicable thereto, which credit would have left nothing due from the defendant, as an excuse for the non-performance of his covenant. 1 Barton's Law Practice, sec. 125.

Our conclusion is, therefore, that the judgment of the Circuit Court must be set aside, and a new trial awarded the plaintiffs, with leave to the defendant to file such pleas as he may be advised will put in issue the defence upon which he relies.

*Reversed.*